JOHN PERRY, RECEIVER, v. HATTIE BASSETT.

Delivered May 15, 1897.

1. **Practice on Appeal—Judgment Against Preponderance of Evidence.**

Where the evidence is conflicting the judgment will not be set aside merely because it is contrary to the preponderance thereof.

2. **Nonresident—Personal Judgment Against.**

A personal judgment can not be rendered against a nonresident who has made no appearance in response to the notice served upon him.

ON REHEARING.

3. **Fraudulent Conveyance—Ratification.**

A fraudulent conveyance is not absolutely void, but only voidable, and may be ratified and confirmed by the party defrauded.

APPEAL from Hall. Tried below before Hon. G. A. BROWN.

*N. Henderson* and *Carrigan & Montgomery*, for appellant.

*Stephens & Huff, Duke & Deaver*, and *T. J. Seehorn*, for appellee.

1. The findings of fact by a court are like the verdict of a jury, and exceptions thereto on the ground that they are against the manifest weight of the evidence will not be regarded if there is any evidence to support them. Wells v. Yarbrough, 84 Texas, 663.

2. Where a party resides out of the State, and service is had on him only by notice under the law for service on a nonresident, and the said party fails to enter an appearance in the case, the court can not render a judgment against him in personam. Scott v. Trupey, 73 Texas, 547; Brewing Co. v. Hinch, 78 Texas, 192; Freeman v. Addison, 119 U. S., 190; Pennoyer v. Neff, 95 U. S., 714.

STEPHENS, ASSOCIATE JUSTICE.—This suit was brought by Hattie Bassett, the divorced wife of Charles C. Bassett, against John Perry, as receiver of the National Bank of Kansas City, Mo., to cancel a deed of trust dated June 21, 1892, upon lands situated in Hall County, Texas,

her separate property, purporting to secure three certain promissory notes, one for $1400, one for $1853.16, and the remaining one for $3000.

At the date of this deed she had not obtained the divorce from her husband, and it purported to have been executed by them both, with her separate acknowledgment in due form. She sought to set it aside upon the ground that she had been induced to sign it through the fraud of her husband and the bank, in that the fact that the deed contained a provision securing the $3000 note had been suppressed and her signature obtained upon representations to the effect that the deed of trust was intended to secure the other two notes, and not the $3000 note, of the existence of which she was ignorant; further alleging, that the officer taking her acknowledgment had not explained the instrument to her.

In support of these allegations she offered herself as a witness upon the trial, and one other witness, who to some extent corroborated her, and upon the testimony thus offered the court adopted her contention and rejected the conflicting testimony of her late husband, the president of the bank, and other witnesses (all testifying by deposition), and entered judgment accordingly.

The first, second, and third assignments of error complain that the court's findings of fact are contrary to the "manifest weight and preponderance of the evidence." We have consequently carefully examined the statement of facts, and while we think the preponderance of the evidence was against the findings, we are nevertheless of the opinion that as the court heard her testify, and had better opportunities than we possess of weighing her evidence, we would not be justified in overturning these findings.

From this conclusion it follows that the other assignments of error found in the brief, complaining of the judgment of cancellation, must be overruled.

It only remains to pass upon the eighth assignment, which complains of the court's refusal to give the receiver of the bank a personal judgment over against C. C. Bassett for the amount remaining due upon the notes which the deed of trust was given to secure, in accordance with the prayer of his cross-action. But as Bassett was a nonresident of the State, and made no appearance in response to the notice served on him in Kansas City, we do not see how appellant is to escape the force of the now well established doctrine that there is no jurisdiction to render a personal judgment in such case.

Upon the conclusions of fact found in the record, therefore, which must be accepted as conclusive here, the judgment is in all things affirmed.

*Affirmed.*

ON REHEARING.

June 26, 1897.

STEPHENS, ASSOCIATE JUSTICE.—A re-examination of the record in this case leads to the conclusion that the judgment awards the appellee

more than she claimed in her petition. She sought to have the deed of trust "declared fraudulent and inoperative as to the said $3000 note so fraudulently injected therein, and the interest thereon." As to the other notes, she sought to have it canceled only upon the ground that they had been paid, but it appears from the statement of facts and the court's findings of fact that at least the $1800 note had not been paid.

A fraudulent conveyance is not absolutely void, but only voidable, and our construction of the petition, as well as of appellee's conduct as disclosed in the record, is that she did not intend to avoid the deed of trust except in so far as it might secure the $3000 note, and that in other respects it was ratified and confirmed. Indeed, the excuse given in her testimony for the long delay in bringing this suit was that the president of the bank holding the mortgage promised her that he would collect the $3000 note out of her husband's property.

We are therefore of opinion that the judgment should be so reformed as to declare the deed of trust "fraudulent and inoperative as to the said $3000 note," but that it should be reversed and rendered in favor of appellant for the amount, principal and interest, of the $1800 note, and the $1400 note, less credits as found by the District Court, with a foreclosure of the mortgage lien upon the property in controversy. To this extent the motion for a rehearing is granted, but in other respects it is overruled.

*Rehearing granted in part.*
*Reformed and rendered.*

Writ of error refused.